UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62061-Civ-COOKE/BANDSTRA

UNDERWRITERS AT LLOYD'S
OF LONDON,

    Plaintiff
vs.

AXA EQUITABLE LIFE
INSURANCE COMPANY. *et al.*,

    Defendants.
_____/

**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE**

THIS CASE is before me upon Defendant GIII Accumulation Trust's Motion to Reassign Case (ECF No. 15), Motion to Dismiss or Stay Pending Outcome of Underlying Actions (ECF No. 18) and Defendant Steven Brasner's Motion to Vacate (ECF No. 26) and Motion for Stay of Trial and All Deadlines (ECF No. 27). I have reviewed the record in the case, the record in *AXA Equitable Life Insurance Company v. Infinity Financial Group, LLC, et al.*, Case No. 08-80611-CIV-HURLEY (the "AXA Lawsuit") and *The GIII Accumulation Trust v. Steven M. Brasner*, Case No. 08-61508-CIV-HURLEY (the "GIII Lawsuit), the motions and the relevant legal authorities. For the reasons stated below, the Motion to Stay is granted.

On October 26, 2010, Plaintiff Underwriters at Lloyd's of London filed an action for declaratory relief seeking judgment that there is no professional liability coverage available to Steven Brasner ("Brasner") for the claims made against him in the AXA Lawsuit and the GIII Lawsuit (the "Underlying Lawsuits"). The AXA Lawsuit seeks declaratory judgment, disgorgement and damages for civil conspiracy, aiding and abetting, negligence and fraud relating to Brasner's procurement of certain insurance policies. The GIII Lawsuit also alleges fraud and negligent misrepresentation against Brasner in connection with the procurement of the insurance

policies.

In April 2010, Brasner was arrested and charged in state court with multiple counts of insurance fraud, grand theft, aggravated white collar crime, and organized scheme to defraud. (*State of Florida v. Steven M. Brasner*, Case No. 2010-CF-004500-AMB, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida).  The criminal proceedings are directly related to this civil action and the Underlying Lawsuits.  The parallel proceedings and pending discovery orders may jeopardize Brasner's Fifth Amendment right against self-incrimination.  Although the issuance of a stay is usually discretionary, a district court has no discretion to deny a stay "when the privilege's invocation [would] compel an adverse judgment against the claimant" or "when special circumstances so require in the interest of justice."  *United States v. Lot, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994).  Given the facts of this case, and in the interest of justice, I hereby **ORDER and ADJUDE** as follows:

1. Defendant Steven Brasner's Motion for Stay of Trial and All Deadlines (ECF No. 27) is **GRANTED**.

2. Defendant Steven Brasner's Motion to Vacate the Clerk's Entry of Default (ECF No. 26) is **GRANTED**.  The Clerk's Entry of Default against Defendant Steven Brasner (ECF No. 23) is **VACATED**.

3. This case is **STAYED** pending the resolution of the state court criminal proceedings.

4. Defendant GIII Accumulation Trust's Motion to Dismiss or Stay Pending Outcome of Underlying Actions (ECF No. 18) is **DENIED** *as moot*.

5. Motion to Reassign Case (ECF No. 15) is **DENIED** *as moot*.

6. The Clerk is directed to *administratively* **CLOSE** this case.

7. The Parties are directed to submit a status report and/or file a motion to reopen this case upon the resolution of the stat court criminal proceedings.

**DONE and ORDERED** in chambers at Miami, Florida this 27th day of January 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*